**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

January 27, 2020

LETTER TO PARTIES

    RE:    *David W., o/b/o K.M.W., a minor child v. Commissioner, Social Security Administration*
            Civil No. SAG-18-3632

Dear Plaintiff and Counsel:

On November 27, 2018, Plaintiff David W., who appears *pro se* on behalf of his minor son, K.M.W., petitioned this Court to review of a decision by the Commissioner of the Social Security Administration ("SSA"). ECF 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction, citing Plaintiff's failure to exhaust his administrative remedies. ECF 23. I have carefully reviewed the parties' filings. ECF 23, 26, 27. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration of Felicia Silver, the Assistant District Manager in the Towson, Maryland Field Office of the SSA, which the Commissioner filed along with supporting documentation. ECF 23-2.

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

On July 22, 2016, the Administrative Law Judge ["ALJ"] issued a fully favorable decision finding K.M.W. disabled. Tr. 69-71. In a notice dated July 26, 2017, the SSA found that K.M.W. met the nonmedical rules to receive Supplemental Security Income ("SSI") and that he was due $27,321.00 in past-due benefits. ECF 23-2 at 4-11. This notice identified Plaintiff as representative payee. *Id*. at 4. On August 2, 2017, the SSA sent Plaintiff a notice stating that his fee agreement with his lawyer had been approved, that the lawyer could not charge more than $6,000, that the fee would be paid from withheld past-due benefits, and that Plaintiff had fifteen days to disagree with the amount of the fee. *Id.* at 12-14. On October 5, 2018, the SSA informed Plaintiff that it was going to delay payments for about thirty days until it found a representative payee to receive payments for K.M.W., and that Plaintiff would no longer be K.M.W.'s payee. *Id.* at 15-17. Through Ms. Silvers' declaration, the SSA has established that Plaintiff has not filed an appeal or a request for reconsideration on any of the SSA's notices. Silver Decl. ¶ 16.

Plaintiff raises several issues in his Complaint. He alleges that K.M.W. "has been deprived of monies," that he "disagree[s] with how money was allocated to lawyer after stating he was off case [sic]," that "[t]here should have never stopped payee monies going to father [sic]," that he had "ask[ed] for hearing to no prevail," and that he "was denied appeal process through [SSA] without reasons [sic]." ECF 1 at 2-4.

Plaintiff's last point was addressed by the Commissioner in his March 15, 2019 Motion to Remand under Sentence 6. ECF 13. The Motion was granted on March 18, 2019. ECF 14. On remand, the Appeals Council set aside its earlier dismissal of Plaintiff's request for review due to untimeliness and reviewed Plaintiff's reasons for disagreeing with the ALJ's decision. Tr. 5. However, after considering Plaintiff's request and reasons for disagreement, the Appeals Council "found no reason under [its] rules to review the [ALJ's] decision." *Id*. By motion of the Commissioner, ECF 13, Plaintiff's case was reopened in this Court on July 15, 2019, ECF 16. For the reasons that follow, Plaintiff's remaining points are not reviewable by this Court, because he has failed to exhaust his administrative remedies.

The Federal Government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a

claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" of the notice of the decision to the claimant. 42 U.S.C. § 405(g).

As noted, the record does not reflect that Plaintiff asked for reconsideration of any of the SSA's notices, including the SSA's approval of his lawyer's fee agreement and the SSA's decision to delay payment while finding a new representative payee for K.M.W. Silver Decl. ¶ 15. Accordingly, this Court cannot exercise jurisdiction over Plaintiff's appeal. 42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.

Finally, I note that Plaintiff's receipt of the Commissioner's Motion to Dismiss, ECF 23, and the Court's Rule 12/56 notice, ECF 24, were delayed due to a change in Plaintiff's address, ECF 25. Although Plaintiff implies that the delay violated his rights, ECF 26, 27, I find that Plaintiff was not prejudiced by the short delay. I further note that it is Plaintiff's duty to inform the Court of any change in address. *See* ECF 5 (Order granting Plaintiff's Motion to Proceed In Forma Pauperis) ("Plaintiff is REQUIRED to inform this court of any change of address during the pendency of this action, pursuant to Local Rule 102.1.b.iii.").

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 23, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge